## Martínez *v.* Rivera.

Recurso de queja contra resolución de la Corte de Distrito de Mayagüez.

No. 6.—Resuelto en Mayo 26, 1904.

Casación—Apelación—Sentencia Definitiva.—En todos los casos en que la Ley de Enjuiciamiento Civil hable de recursos de casación, se entenderá de apelación, pero éste solo procede contra las sentencias definitivas, ó resoluciones que tengan tal carácter con arreglo á dicha ley.

Id.—Una resolución dictada en un juicio sobre ejecución de hipoteca por la que se concede al acreedor la administración de la finca hipotecada, no tiene el carácter de definitiva á los efectos de proceder contra ella recurso de apelación.

Id.—Las resoluciones dictadas en un procedimiento no pueden ser apeladas por aquellos que no fueren parte en el mismo, debiendo éstos procurar reparación á los agravios que hubieren podido causarles, con arreglo á los recursos que para ello concede la ley.

### EXPOSICIÓN DEL CASO.

*Resultando* que en diligencias ejectivas sumarísimas que sigue Don Victor Martinez contra Don Domingo Rivera en cobro de un crédito por el procedimiento de la Ley Hipotecaria y de su Reglamento, solicitó aquél la administración de la finca rústica hipotecada, fundado en lo que dispone el artículo 1528 de la Ley de Enjuiciamiento Civil y la Corte de Mayagüez, en primero de Octubre de 1903 concedió dicha administración:

*Resultando* que de esa providencia pidió reposición el representante del acreedor Don Domingo Rivera y se denegó dicho recurso en 23 del citado mes por no ser este parte en los autos en que compareció:

*Resultando* que la representación de Rivera formuló también recurso de reposición contra dicho provisto y subsidiariamente estableció recurso de apelación contra este último, y contra su concordante de primero de Octubre del citado año 1903 y la referida Corte, en 22 de Noviembre, declaró que

no había lugar á proveer y negó la apelación que por otro sí del escrito se estableció:

*Resultando* que de ese provisto se interpuso recurso de reposición y para el caso denegado, solicitó también que se expidiese y se le entregase testimonio de ambas resoluciones y así se acordó en providencia de once del mes de Noviembre citado:

*Resultando* que con dicho testimonio el Abogado Don Fernando Vazquez, en representación de Don Domingo Rivera, interpuso ante este Tribunal recurso de queja con la pretensión de que se admita en ambos efectos la apelación que estableció ante la Corte del Distrito de Mayagüez:

Abogado del recurrente: *Sr. Vazquez (Fernando)*.

Abogado del recurrido: *Sr. Martínez*.

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que si bien hoy esta Corte Suprema es un Tribunal de apelación, según la Ley de la Asamblea Legislativa aprobada en 12 de Marzo de 1903, hay que tener en cuenta que en su sección cuarta, se dispone que en todos los casos en que la Ley de Enjuiciamiento Civil habla de recursos de casación, se entenderá de apelación, pero deja vigente el concepto de que sólo procede el recurso cuando se trate de sentencias definitivas ó tengan las resoluciones recurridas el carácter de tales, según los artículos 1687 y 1688 de la Ley de Enjuiciamiento Civil:

*Considerando* que ni la providencia de 23 de Octubre del año próximo pasado, ni su concordante, la del primero de Octubre, dictadas por la Corte de Mayagüez, tienen el concepto de definitivas á los efectos de un recurso de esta índole:

*Considerando* además que Rivera no es parte en los autos en que promueve estos recursos y que hay otros medios y garantias dentro de la Ley Hipotecaria y de su Reglamento para obtener reparación de los agravios que hayan podido causarse por el procedimiento sumarísimo:

*Considerando* que en mérito de lo expuesto es improceden-
te el recurso:

*Vistas* las disposiciones de que se deja hecho mérito,

Se declara no haber lugar al presente recurso de queja,
con las costas á cargo de la parte recurrente; y comuníquese
esta resolución al Tribunal del Distrito de Mayagüez para
los efectos procedentes.

Jueces concurrentes: Sres. Presidente Quiñones y Asocia-
dos Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no intervino en la reso-
lución de este caso.